IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * * * |
| V. | * CASE NO. 4:18CR00012-01 SWW * |
| RICKEY L. WARREN | * * * |

## ORDER

Before the Court is a motion to be relieved as counsel (*Doc. 84*) by Toney Brasuell, appointed counsel for Defendant Rickey L. Warren. In addition, Mr. Brasuell has submitted a motion for expert services through the Criminal Justice Act ("CJA") electronic voucher system. After careful consideration, and for reasons that follow, Defendant Warren is notified as follows: **The jury trial in this case will proceed as scheduled on October 18, 2021, and it is most unlikely that the Court will appoint replacement counsel.** Additionally, if Defendant Warren seeks authorization for expert services, he must do so by filing an application on the record, following the procedure prescribed under 18 U.S.C. § 3006A(e)(1).

### I. Background

The superseding indictment, filed on September 5, 2018, charges that

1

Defendant Warren and his co-defendant, Lillie C. Gill, conspired to obtain benefits from the Social Security Administration ("SSA") and Veterans Administration ("VA") by submitting fraudulent applications, in violation of 18 U.S.C. § 286. Defendant Warren is also charged with theft of government funds, in violation of 18 U.S.C. § 641, and bankruptcy fraud in violation of 18 U.S.C § 157(1).  In sum, the superseding indictment alleges that in 2009, Defendant Warren applied for SSA and VA benefits and falsely claimed that he was not employed, contrary to information he submitted in support of a 2009, Chapter 13 bankruptcy petition.

Defendants, primarily Mr. Hicks, have filed multiple motions to continue the trial in this case, which the Court granted. *Docs. 7, 20, 24, 28, 52, 53, 66, 68*. Additionally, the Court continued trial two times on its own motion, pursuant to administrative orders necessitated by the COVID-19 pandemic.

On June 17, 2021, the Court held a hearing on the Government's motion concerning potential conflict issues (*Doc. 76*) and determined that a new attorney should represent Defendant Warren. On June 30, 2021, after Defendant Warren submitted a financial affidavit showing his qualification for appointed counsel, the Court appointed Mr. Brasuell to represent him.

Importantly, before Mr. Brasuell accepted the appointment, he confirmed to the Court that he would be available for a jury trial beginning October 18, 2021, and the Court made it very clear that there would be no additional continuances in

this case. The Supreme Court has noted that the Speedy Trial Act "serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." *Bloate v. United States*, 559 U.S. 196, 211–12 (2010) (citing *Zedner v. United States,* 547 U.S. 489, 502 (2006)). Trial in this case will proceed as scheduled on October 18, 2021.

## II.  Motion To Be Relieved As Counsel

With his motion to be relieved as counsel, Mr. Brasuell reports that he met with Defendant Warren on September 16, 2021. Mr. Brasuell does not disclose details of the meeting but states: "Undersigned counsel believes the best way to resolve this attorney client issue is for the district court to have an in-person hearing, ex parte, to question undersigned counsel and Defendant Warren about the current attorney client status." *Doc. 84*.

It is not clear whether Defendant Warren would prefer to proceed *pro se* or whether he has retained a new attorney to represent him at trial. Regardless of these details, Defendant Warren is advised that the jury trial *will proceed* as scheduled on October 18, 2021, and it is *highly unlikely* that the Court would appoint replacement counsel to represent him at trial. The Eighth Circuit has recognized:

> When faced with a motion to appoint substitute counsel, the district court must balance several factors, including the need to ensure effective legal representation, *the need to thwart abusive delay tactics*, and the reality that a person accused of crime is often genuinely

> unhappy with an appointed counsel who is nonetheless doing a good job. The court must conduct an adequate inquiry into the nature and extent of an alleged breakdown in attorney-client communications. The focus of the justifiable dissatisfaction inquiry is the adequacy of counsel in the adversarial process, not the accused's relationship with his attorney. *Last minute requests to substitute defense counsel are not favored*.

*United States v. Thomas*, 760 F.3d 879, 887 (8th Cir. 2014) (emphasis added) (quotations and citations omitted). The Eighth Circuit has further noted:

> Justifiable dissatisfaction includes an irreconcilable conflict or a complete breakdown in communication. But it does not include a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous representation. Thus, a defendant has no right to an attorney who will docilely do as she is told or to a 'meaningful relationship' with appointed counsel.

*Id. (citation omitted).*

### III.  Motion For Expert Services

"Counsel for a person who is financially unable to obtain . . . expert . . . services necessary for adequate representation may request them in an ex parte[1]

---

[1] The Eighth Circuit has observed:

> Some courts have held that § 3006A(e)'s ex parte proceedings requirement does not apply where a defendant has foregone ex parte proceedings by filing a motion and serving it on the government. *See, e.g., United States v. Robinson*, 95 F.3d 1153, slip op. at 11 (6th Cir. 1996) (per curiam) (unpublished table opinion) ("The purpose of the ex parte hearing [on a § 3006A(e)(1) application] is to allow the defense to avoid prematurely revealing its theory of the case to the government. When a defendant chooses to forego this procedure and reveal its theory to the government in a motion served on the government, there is no need to grant an ex parte hearing." (internal citation omitted)).

*United States v. Escalante*, 946 F.3d 410, 413 (8th Cir. 2019)

4

application." 18 U.S.C. § 3006A(e)(1).  A district court may authorize up to $2,400 for such services, but if the defendant seeks funding over that amount, he must show that the funds are "necessary to provide fair compensation for services of an unusual character and duration."  18 U.S.C. § 3006A(e)(3).  In this case, Mr. Brasuell did not file an application under § 3006A(e)(1) on the record.  Instead, on or about September 7, 2021, approximately one month before trial, he submitted a motion for expert services through the CJA electronic voucher system.

In the event that Defendant Warren properly files an application for expert services under § 3006A(e)(1), he will shoulder the burden to show that an expert is necessary for an adequate defense.  "In analyzing a claim that § 3006A(e)(1) was violated, we consider whether [the defendant] demonstrated a reasonable probability that the requested [service] would aid in his defense and that denial of the funding would result in an unfair trial." *United States v. Thurmon*, 413 F.3d 752, 755 (8th Cir. 2005) (internal quotation marks omitted).

Given the straightforward allegations in this case, that Defendant Warren falsely stated that he was unemployed during the period relevant to his applications for benefits, it is difficult to envision that he can show that expert services are necessary.

IT IS THEREFORED ORDERED that:

1. Regardless of the Court's ruling on the motion to be relieved as counsel (*Doc. 84*), **the jury trial will proceed as scheduled on October 18, 2021, and it is *most unlikely* that the Court will appoint another attorney to represent Defendant Warren.**

2. In the event that Mr. Brasuell wishes to proceed with the motion to be relieved as counsel, he should notify the Courtroom Deputy, Laura Bichlmeier, that an ex parte hearing should be scheduled on the motion.

3. If Defendant Warren seeks expert services, he must file an application on the record, following the procedure prescribed under 18 U.S.C. § 3006A(e)(1).

4. Mr. Brasuell must provide Defendant Warren a copy of this order.

IT IS SO ORDERED, this 21st day of September, 2021.

/s/Susan Webber Wright  
UNITED STATES DISTRICT JUDGE