## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

UNITED STATES OF AMERICA     *
                                 *
                                 *    CASE NO.  4:18CR00012-01 SWW
V.                                    *
                                 *
                                 *
RICKEY L. WARREN            *

## <u>ORDER</u>

Before the Court is a motion (*Doc. 89*) by nonparty Randy Rice, asking the Court to quash a subpoena directing him to appear at the courthouse on October 18, 2021 at 9:30 a.m. to testify at the trial in this case. At the Court's request, the Government has filed an expedited response (*Doc. 95*).  After careful consideration, and for reasons that follow, the motion to quash is denied. Mr. Rice must comply with the subpoena and appear to testify at trial.  However, the United States will reschedule the time for his appearance.

Mr. Rice, a lawyer, asks the Court to quash the subpoena because he has represented Defendant Rickey L. Warren regarding multiple legal matters, and he *believes* that testimony sought by the United States would require him to disclose confidential attorney-client communications.  In addition, Mr. Rice asks the Court to move the time for his appearance to after 1:00 p.m. on October 18 or anytime on

October 19, 2021.

"The attorney-client privilege protects confidential communications between a client and his attorney made for the purpose of facilitating the rendering of legal services to the client." *United States v. Spencer,* 700 F.3d 317, 320 (8th Cir.2012). The privilege exists for the benefit of the client, not the attorney, "[b]ut the attorney has the duty, upon any attempt to require him to testify or produce documents within the confidence, to make assertion of the privilege, not merely for the benefit of the client, but also as a matter of professional responsibility in preventing the policy of the law from being violated." *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956).

Mr. Rice shoulders the burden to establish the right to invoke protection of the privilege on behalf of his clients, *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985), and he provides no information to support his belief that  the United States will ask him to disclose confidential communications. Defendant Warren is charged with multiple fraud claims, including bankruptcy fraud.  The United States reports that it seeks Mr. Rice's testimony regarding public bankruptcy filings, which are not confidential, and Mr. Rice's process for using digital signatures.

Rule 17(c)(2) of the Federal Rules of Criminal Procedure provides that a court may modify or quash a subpoena ordering a witness to attend and testify at trial "if compliance would be unreasonable or oppressive."  Here, the Court finds no basis

for quashing the subpoena.

IT IS THEREFORE ORDERED that the motion to quash (*Doc. 89*) is DENIED.  The United States is directed to follow through with its offer to reschedule the time for Mr. Rice's appearance to after 1:00 p.m. on October 18 or anytime on October 19, 2021.

IT IS SO ORDERED, this 14th day of October, 2021.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE