IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **No. 4:18-cr-12-DPM-1**

**RICKEY L. WARREN** **DEFENDANT**

# ORDER

Motion to clarify, *Doc. 324*, granted. The Judgment, *Doc. 180*, is corrected as follows. Fed. R. Crim. P. 36.

- The schedule of payments in the Judgment, *Doc. 180 at 9*,* should say that a lump sum payment of $209,041.42—the $208,641.42 in restitution, plus the $400 in special assessments—is due immediately.

- The $44,000 Consent Judgment entered against Lillie Gill, for which Warren is jointly and severally liable, is not an additional restitution obligation for Warren. It is part of the $208,641.42 in restitution he owes to the Social Security Administration and the Department of Veterans Affairs. Any payments made by Gill on the Consent Judgment reduce Warren's restitution balance.

- Making restitution was a mandatory condition of Warren's supervised release, which has since ended.

---

* A minor point. The government says that the Judgment confusingly refers to the schedule of payments as "Sheet 6" when there is no page with that title. *Doc. 324 at 2*. It's there, though, on the top left of the page. *Doc. 180 at 9*. It's easy to miss because the print is quite small.

These corrections and clarifications also apply to the revocation Judgment, *Doc. 317*.

The next issue is the payment schedule. Here, the Court's options are more limited. When it originally imposed Judgment in April 2023, it should have said that Warren owed *at least* ten percent of his gross monthly income until the assessments and restitution are paid in full. It didn't say "at least." This was an oversight, but not clerical error. Therefore, the Court cannot correct it under Rule 36. But the Court's payment schedule doesn't limit the victims in this case—the Social Security Administration and the Department of Veterans Affairs—from using other means to collect what Warren still owes them. 18 U.S.C. § 3664(m) & 18 U.S.C. § 3613(a). That means that the Department of Veterans Affairs can withhold more than ten percent of Warren's benefits until his restitution is paid.

The Court appreciates the withholding details and restitution balance provided in the United States' January 2026 brief. *Doc. 325 at 4*. If it is not doing so already, the Court encourages the government to update Warren periodically with how much restitution he still owes. Those updates would provide helpful clarity. The Clerk of Court confirms that, as of today, Warren has not paid the special assessment or directly made any restitution payments. The amount he owes to the Social Security Administration could have been reduced by payments made by Gill on the Consent Judgment. The amount he owes to the

Department of Veterans Affairs is a moving target because of the monthly withholding. But based on the withholding details provided in January, Warren is making steady progress on making the VA whole. The Court requests the United States to inform the Clerk when Warren has satisfied that obligation in full by filing a partial satisfaction of Judgment.

*

The government's motion to clarify, *Doc. 324*, is granted. Warren's motions, *Doc. 352, 353, 354 & 355*, are denied.

So Ordered.

D.P. Marshall Jr.

D.P. Marshall Jr.
United States District Judge

30 July 2026